## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMOND COZART,       ) | |
|       ) | |
| Petitioner,       ) | |
|       ) | |
| v.       ) | **No. CIV-26-183-J** |
|       ) | |
| OKLAHOMA STATE       ) | |
| REFORMATORY,       ) | |
|       ) | |
| Respondent.       ) | |

### REPORT AND RECOMMENDATION

Petitioner, Delmond Cozart, a state inmate appearing pro se[1] and proceeding in forma pauperis, seeks habeas corpus relief under 28 U.S.C. § 2241. Doc. 1.[2] The Court referred this habeas corpus matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Docs. 4, 9. Having reviewed the petition, the undersigned recommends that the Court dismiss the petition, in part, because Petitioner seeks relief not available in a § 2241 habeas proceeding.

---

[1] The Court construes a pro se litigant's pleadings liberally but will not act as his advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Doing so will leave Petitioner's sole remaining claim challenging the Oklahoma Department of Corrections' (DOC) demotion of his level classification on due process grounds, a claim properly brought in a § 2241 habeas proceeding. *See* Doc. 1, at 3-4.

## I. Petitioner's background and claims.

In 2023, Petitioner entered a plea of nolo contendere to four counts of lewd molestation and one count of using technology to engage in sexual communication with a minor in Tulsa County Case No. CF-2022-1717. *Id.* at 1; *State v. Cozart,* No. CF-2022-1717, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2022-1717&cmid=3517324 (last visited April 22, 2026).[3]

On February 3, 2026, Petitioner filed this § 2241 habeas petition, raising two grounds for relief:

> Ground One: Petitioner is "being held in violation of the 1866 Creek Treaty the [United States] had with the Creek Reservation Tribe challenging the execution of [his] sentence (lack of jurisdiction)[.]"
>
> Ground Two: Petitioner alleges that Respondent Oklahoma State Reformatory "unconstitutionally dropped [his] level 4 to level 1 in violation of [his] 14th Amendment [rights.]"

---

[3] The undersigned takes judicial notice of Petitioner's state court proceedings. *See United States v. Ahidley,* 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting a court "may exercise [its] discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Doc. 1, at 4. Petitioner asks the Court to return him to his Level Four classification and restore "the $25 gang pay" for each month he was classified as Level One, "and to release [him] back to the Creek Reservation in Tulsa where [he] was illegal[l]y taken due to the 1866 treaty the Creek Nation Tribe [has] with the [United States.]" *Id.* at 5.

## II.    Screening.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts[4]; *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding that a federal court possesses "the discretion either to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief or to order the respondent to file a response").

## III.    Discussion.

Petitioner seeks, in part, to be "release[d] . . . back to the Creek Reservation in Tulsa where [he] was illegally taken," which would require his

---

[4]    The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See* Rule 1(b); *Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) as holding that: "The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

release from DOC custody. *See* Doc. 1, at 5. "It is 'the *nature* of a prisoner's confinement, not the *fact* of his confinement' that is the gravamen of a Section 2241 petition or challenge." *Hayes v. Bear*, No. CIV-18-83-D, 2018 WL 1311211, at *1 (W.D. Okla. Mar. 2, 2018) (quoting *Prost v. Anderson,* 636 F.3d 578, 581 (10th Cir. 2011)), *adopted*, 2018 WL 1309858 (W.D. Okla. Mar. 13, 2018). "A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Atty. Gen.,* 525 F.3d 921, 924 (10th Cir. 2008).

Petitioner, in part, challenges the validity of his conviction and sentence by claiming that he "was unlawfully taken from . . . the Creek Reservation" and that the trial court lacked jurisdiction to convict him due to *McGirt*[5]. *See* Doc. 1, at 4.[6] Petitioner's allegations constitute "an attack on his conviction and sentence" and "must therefore be brought under § 2254." *Yellowbear,* 525 F.3d at 924.

---

[5]    In *McGirt*, the Supreme Court held that "the federal government, not the State [of Oklahoma], may prosecute Indians for major crimes committed in Indian country." 591 U.S. 984, 932 (2020).

[6]    This is a claim that Petitioner has brought in a § 2241 habeas petition before this Court. *See Cozart v. Hart,* No. 25-311-J, Doc. 11, *adopted, in part,* Doc. 13 (adopting Magistrate Judge Stephens's finding that Petitioner could not challenge his state court conviction under § 2241 and granting Petitioner the opportunity to file an amended petition to bring his claims under § 2254). There, the Court advised Petitioner that a habeas petition brought under § 2241 was the improper vehicle for challenging his conviction. *See Cozart,* Doc. 13, at 1-2.

Petitioner should have brought his claim challenging his state court conviction under § 2254. And the Court should not convert because Ground Two of Petitioner's habeas petition is properly raised in a § 2241, and he can file a separate petition to pursue his § 2254 claims.[7]

## IV.    Recommendation.

The undersigned recommends the Court dismiss Petitioner's claim challenging his conviction in state court without prejudice. *See Crosby v. True,* 826 F. App'x 699, 701 (10th Cir. 2020) ("[The Tenth Circuit] has previously directed courts to dismiss, without prejudice, a challenge . . . improperly brought under § 2241.").[8] The undersigned advises Petitioner that he may file an objection to this Report and Recommendation with the Clerk of this Court

---

[7]    The Court should also decline to convert the § 2241 petition into a § 2254 petition because of the "'longstanding policy of federal district courts in Oklahoma 'favoring transfer[ ] [of] habeas actions to the district of conviction.'" *Green v. Oklahoma,* No. CV-18-823-D, 2019 WL 177957, at *1 (W.D. Okla. Jan. 11, 2019) (quoting *Manning v. Oklahoma,* CIV-13-0990-HE, 2013 WL 5923721, at *1 (W.D. Okla. Nov. 1, 2013)). So, even if Petitioner had filed a § 2254 petition in this district, venue would have been improper as Petitioner was convicted in Tulsa, which lies within the Northern District of Oklahoma. *See* 28 U.S.C. § 116(a) ("The Northern District comprises the count[y] of . . . Tulsa.").

[8]    If the Court adopts this Report and Recommendation, Petitioner will be allowed to proceed on Ground Two of his petition, Doc. 1, at 4, in which he argues that DOC improperly classified him under Level One rather than Level Four.

by May 13, 2026. The undersigned further advises Petitioner that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not dispose of all issues and does not terminate the referral to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 22nd day of April, 2026.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE