**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DELMOND COZART, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-183-J |
| | ) | |
| OKLAHOMA STATE REFORMATORY, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Petitioner, a state inmate appearing pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). On review, Judge Mitchell recommends that the Court dismiss Ground One as relief is unavailable under § 2241. (Rep. & Rec.) [Doc. No. 10]. Petitioner objects (Obj.) [Doc. No. 11], triggering de novo review. *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner raises two grounds for relief. In Ground One, he argues his detention violates the 1866 Creek Treaty between the United States and the Creek Reservation Tribe under "*McGirt*," and in Ground Two, he challenges his recent demotion from classification Level 4 to classification Level 1 without due process. [Doc. No. 1]. Petitioner seeks release from confinement on Ground One and a return to Level 4 classification on Ground Two. *See id.*

On screening, Judge Mitchell concludes that Petitioner's first ground for relief challenges the State's jurisdiction over him under *McGirt v. Oklahoma*, 591 U.S. 894 (2020) and thus must be raised in a 28 U.S.C. § 2254 petition. *See* Rep. & Rec. at 3-5. Petitioner objects, arguing simply that he believes § 2241 is the proper remedy. *See* Obj. at 1. The Court agrees with Judge Mitchell.

Because Petitioner challenges the validity of his conviction under *McGirt*, "§ 2241 is not the appropriate vehicle for relief." *Martin v. Rodgers*, No. CIV-24-636-D, 2024 WL 4129616, at *2 (W.D. Okla. Aug. 7, 2024), *adopted*, 2024 WL 4128314 (W.D. Okla. Sept. 9, 2024), *appeal dismissed*, No. 24-6201, 2025 WL 1637909 (10th Cir. 2025); *see also Hughart v. Rankins*, 2024 WL 4523518, at *4 (10th Cir. 2024) ("Reasonable jurists would not debate the district court's conclusion that Hughart had to raise his *McGirt* claim in a § 2254 petition, not his § 2241 petition.").

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 10] and DISMISSES Petitioner's Ground One without prejudice. The matter is RE-REFERRED to Judge Mitchell for resolution of Ground Two.

IT IS SO ORDERED this 5th day of May, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

2