# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMOND COZART, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| v. | )   **Case No. CIV-26-183-J** |
| | ) |
| WILLIAM RANKIN, Warden,[1] | ) |
| | ) |
|    Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Delmond Cozart, a state inmate proceeding pro se[2] and in forma pauperis, seeks habeas corpus relief under 28 U.S.C. § 2241, challenging a drop in his classification level. Doc. 1, at 4.[3] United States District Judge

---

[1]   "The federal habeas statute straightforwardly provides . . . the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). The Court therefore designates Warden William Rankin as Respondent. *See Dopp v. McCoin*, No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019) ("If a petitioner names the wrong respondent, this Court may simply substitute the correct party."); https://oklahoma.gov/doc/facilities.html (last visited July 23, 2026) (noting William Rankin is Warden of the Oklahoma State Reformatory).

[2]   This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]   This Court has dismissed Petitioner's first ground for relief. Doc. 12. Citations to a court document are to its electronic case filing designation and

Bernard M. Jones, II referred the matter to the undersigned for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

## I.    Background.

Petitioner is currently housed at the Oklahoma State Reformatory. Doc. 17, at 1. On December 3, 2025, Petitioner's classification level was dropped because of poor behavior. *Id.* (citing Exs. 2-3). Petitioner alleges that Respondent "unconstitutionally dropped [his] Level 4 to Level 1 in violation of [his] 14th Amendment [rights]." Doc. 1, at 4. He alleges he was denied due process as a result. *Id.* He seeks restoration of his Level 4 earned credit classification and compensation for his lost gang pay. *Id.* at 5.

Respondent filed a motion to dismiss for failure to state a claim and failure to exhaust administrative remedies. Doc. 17. Petitioner did not respond to Respondent's motion to dismiss, so the Court deems confessed these facts asserted by Respondent. *See* LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."); *cf. Persik v. Manpower Inc.*, 85 F. App'x 127, 130 (10th Cir. 2003) (where pro se litigant failed to respond to a motion to dismiss his complaint, the district court

pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

2

satisfied procedural requirements for dismissing it by "sufficiently analyz[ing] the reasons [the plaintiff] fail[ed] to state a claim," "not[ing his] failure to respond," and deeming plaintiff's "lack of response a concession of [defendant's] arguments").[4] Nonetheless, the Court will briefly analyze Respondent's arguments.

## II.   Analysis.

### A.   Petitioner is not entitled to a specific earned credit level.

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Procedural due process "requires a state to employ fair procedures when depriving a person of a protected interest." *Benshoof v. Hall*, No. CIV-22-527-R, 2022 WL 4287936, at *3 (W.D. Okla. July 29, 2022), *adopted*, 2022 WL 3586215 (W.D. Okla. Aug. 22, 2022). "An alleged violation of . . . procedural due process . . . prompts a two-step inquiry: (1) whether the plaintiff has shown the deprivation of an interest in 'life, liberty, or property'

---

[4]   On June 24, 2026, Petitioner filed a motion for default judgment, citing Respondent's failure to respond to the Petition. Doc. 18. Respondent's motion to dismiss was not returned to the Court as undelivered, *see* Doc. 17 (staff notes), and Petitioner's default judgment motion was mailed the day after Respondent filed his answer. So, the Court presumes Petitioner has received a copy of Respondent's motion to dismiss and Petitioner's motion for default judgment, Doc. 18, should be denied.

and (2) whether the procedures followed by the government in depriving the plaintiff of that interest comported with 'due process of law.'" *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012) (quoting *Ingraham v. Wright*, 430 U.S. 651, 673 (1977)).

An inmate's liberty interest is implicated under the Due Process Clause if prison restraints or conditions impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "Whether confinement 'conditions impose such an atypical and significant hardship that a liberty interest exists is a legal determination.'" *Ramirez v. Cooke,* 2014 WL 7403288, at *6 (D. Colo. Dec. 29, 2014) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Section 2241 relief is only available when a petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3); *see also Penate v. Byrd*, No. 16-CIV-1442-F, 2017 WL 876033, at *2 (W.D. Okla. Jan. 30, 2017) ("It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties."), *adopted*, 2017 WL 876311 (W.D. Okla. Mar. 3, 2017). When a petitioner claims that his earned credit level was demoted, constitutional due process concerns may be

implicated because the demotion "inevitably affect[s] the duration of [a petitioner's] sentence." *Sandin v. Conner*, 515 U.S. 472, 487 (1995).

But there is no "unconditional liberty interest in an Oklahoma prisoner's credit-earning classification." *Cardoso v. Calbone*, 490 F.3d 1194, 1198 (10th Cir. 2007). A prisoner has no constitutional interest in credit level demotions where the determination that a prisoner acted in violation of specific criteria "and the attendant decision to reduce his classification level were discretionary." *Id.*; *see also Adams v. Rankin*, No. 24-CIV-838-HE, 2025 WL 2048327, at *4 (W.D. Okla. June 9, 2025) ("If a demotion in a prisoner's classification level is discretionary, rather than mandatory, he does not have a liberty interest in his credit-earning classification level.").

Here, Officer Jonathan Quiroz's case note establishes that he saw Petitioner stumbling and presenting with noticeably slurred speech. Doc. 17, Ex. 2. After questioning him about smoking "K2", Officer Quiroz told Petitioner to return to his cell and that "he would be reduced to Level 1 for 180 days due to his behavior." *Id.* His demotion resulted from his behavior, and was thus a discretionary determination. Doc. 17, Ex. 4, at 1 (Response to Request to Staff: "Your level being dropped was due to your behavior not due to a misconduct."); *Adams v. Rankin*, No. CIV-25-693-HE, 2026 WL 290431, at *3 (W.D. Okla. Jan.

5

7, 2026) ("[S]everal of the 'Current Patterns of Behavior' used to determine his credit level are discretionary determinations."), *adopted*, No. CIV-25-0693-HE, 2026 WL 288924 (W.D. Okla. Feb. 3, 2026).

## B. Petitioner also failed to exhaust his administrative remedies.

Section 2241 "does not expressly contain" an exhaustion requirement. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). Nevertheless, federal common law commands that "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief." *Id.* "The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions." *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981).

Respondent's motion and attached exhibits outline the steps a prisoner must take to comply with Oklahoma Department of Corrections' (ODOC) grievance process. *See generally* Doc. 17. These steps derive from OP-090124, which "is the written inmate grievance procedure that is made available to all inmates and that includes at least one level of appeal." Doc. 17, Ex. 7, at 2. Under OP-090124 (V), an inmate must first attempt to informally resolve his complaint by talking with the appropriate staff member. *Id.* at 7. If unsuccessful, then the inmate must submit a Request to Staff ("RTS") to the appropriate staff member. *Id.* If the inmate's complaint remains unresolved,

the inmate may begin the formal grievance procedure by submitting a Grievance to the Reviewing Authority. *Id.* at 10. If a grievance response fails to resolve the issue, the inmate should appeal to the Administrative Review Authority ("ARA"). *Id.* at 12. The grievance process is exhausted only after all these steps are taken. OP-090124 further states that "[i]nmates/offenders are required to exhaust the grievance process prior to filing a lawsuit." *Id.* at 2.

The undersigned agrees that Petitioner failed to exhaust his administrative remedies before filing the instant petition, foreclosing habeas relief. Respondent includes documentation that shows Petitioner complied with ODOC procedures through his filing of a formal grievance, which was denied. Doc. 17, Ex. 4, at 3-5. Petitioner did not reply to the motion to dismiss or contest the motion, apart from filing a motion for default judgment. Doc. 18. Petitioner has failed to carry his burden of showing he exhausted his administrative remedies when he failed to provide any evidence of an appeal to the ARA. *See Bun v. Wiley*, 351 F. App'x 267, 268 (10th Cir. 2009) (affirming dismissal of § 2241 petition where petitioner did not file an appeal as required with administrative body before filing in federal court). And while "[a] narrow exception to the exhaustion requirement applies if a petitioner can

7

demonstrate that exhaustion is futile," Petitioner makes no such argument. *Garza*, 596 F.3d at 1203. For these reasons, habeas relief should be denied.

### III.   Recommendation and notice of right to object.

For the above reasons, the undersigned recommends the Court grant Respondent's motion to dismiss Petitioner's habeas petition for failure to state a claim and for failure to exhaust his administrative remedies. Doc. 17. The undersigned also recommends the Court deny Petitioner's pending motion for default judgment.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before August 13, 2026, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in this matter.

**ENTERED** this 23rd day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE